UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-MJ-03713-TORRES

IN RE COMPLAINT

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?    ___ Yes  X  No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  ___ Yes  X  No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?  ___ Yes  X  No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: *Yvonne Rodriguez-Schack*
YVONNE RODRIGUEZ-SCHACK
Assistant United States Attorney
Southern District of Florida
Florida Bar No. 794686
99 Northeast 4th Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9014
E-mail: yvonne.rodriguez-schack@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>HORACIO RICARDO VILES VELEZ<br>and WILSON RAFAEL TOALA ALAY,<br><br>*Defendant(s)* | )<br>)<br>) Case No. 20-MJ-03713-TORRES<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about __September 9, 2020__, upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b).<br><br>Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved five (5) or more kilograms of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____ ID #23828
*Complainant's signature*

FBI SA Christopher M. Mayo
*Printed name and title*

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Telephone this 29th day of September, 2020.

Date: 09/28/2020 9/29/2020

_____
*Judge's signature*

City and state: Miami, Florida

Edwin G. Torres, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Christopher M. Mayo, being duly sworn, hereby depose and state the following:

1. Your Affiant is a Special Agent with the Federal Bureau of Investigation ("FBI"), employed as such since May of 2010. Previously, your Affiant was employed as a Police Officer with the Wilmington Police Department in Wilmington, North Carolina from 2001 through 2010. Your Affiant is currently assigned to the FBI Miami, Fort Pierce Resident Agency. Your Affiant's duties include conducting criminal investigations involving violations of a variety of federal laws, including the importation of illegal narcotics into the United States and the possession of controlled substances.

2. This Affidavit is submitted for the limited purposes of establishing probable cause in support of a Criminal Complaint against HORACIO RICARDO VILES VELEZ and WILSON RAFAEL TOALA ALAY for knowingly and willfully conspiring to possess with intent to distribute a controlled substance, to wit, a mixture and substance containing a detectable amount of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b). As such, this Affidavit does not contain the details of every aspect of this investigation. Furthermore, this Affidavit is based on my personal knowledge, as well as, information obtained from other law enforcement personnel.

3. On or about September 9, 2020, a maritime patrol aircraft (MPA) detected a go-fast vessel approximately 500 nautical miles southwest of Punta Galera, Mexico. The vessel was initially still in the water before operating at various speeds between 10-20 knots with two people on board. The United States Coast Guard ("USCG") Cutter

*STEADFAST* was patrolling nearby and diverted to intercept. District 11 (D11) authorized a Statement of No Objection for a Right of Visit (ROV) boarding.

4. The USCG *STEADFAST* launched an over-the-horizon (OTH), smaller boat, with a USCG boarding team, along with a helicopter to intercept the vessel and investigate. USCG *STEADFAST* requested a Right of Visit boarding on a vessel suspected of illicit maritime activity. USCG *STEADFAST* also asked for permission to utilize use of force up to and including warning shots and/or disabling fire on the vessel which was reasonably suspected of being without nationality, displaying no indicia of nationality and being located in international waters. The OTH was being outrun by the go-fast vessel and the helicopter went overt and began signaling. The helicopter deployed warning shots which were effective. The helicopter conducted a hand off to the MPA and returned to the USCG *STEADFAST* for fuel before returning to the scene. The MPA reported the go-fast vessel jettisoned one package.

5. The USCG boarding team arrived on scene and observed the registration number "B-05-2240", the name "ISABEL", and a yellow/blue/red marking on the vessel. There were no physical flags, no registration documents, or home port. One of the individuals on board made a claim of Ecuadorian nationality for the vessel, and thereafter, was treated as the person in charge. The Government of Ecuador was contacted regarding the nationality of the vessel. The Government of Ecuador responded they could neither confirm nor deny nationality of the vessel, therefore, the vessel was treated as a vessel without nationality. A full law enforcement boarding was conducted. The USCG boarding team recovered approximately 700 kilograms of suspected cocaine

that tested positive for cocaine during two field tests. The suspected cocaine and the two individuals were transferred to the USCG *STEADFAST*.

6. On October 6, 2020, HORACIO RICARDO VILES VELEZ and WILSON RAFAEL TOALA ALAY are scheduled to arrive on board the USCG Cutter *DAUNTLESS* in the Middle District of Florida where custody of them will be transferred to federal law enforcement officers.

7. Based on the foregoing facts, I submit that probable cause exists to believe that HORACIO RICARDO VILES VELEZ and WILSON RAFAEL TOALA ALAY while on board a vessel subject to the jurisdiction of the United States, did knowingly and willfully conspire to possess with intent to distribute a controlled substance, to wit, a mixture and substance containing a detectable amount of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____ ID #23828
CHRISTOPHER M. MAYO
Special Agent
Federal Bureau of Investigation

Attested to by the Affiant in accordance with
the requirements of Fed.R.Crim.P. 4.1 by
Telephone on this 29th day of September, 2020.

_____
EDWIN G. TORRES
UNITED STATES MAGISTRATE JUDGE

3